**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DEVIN JOSEPH CONGER,

                                    Plaintiff,

            - v -                                            Civ. No. 5:16-CV-1044
                                                                      (DJS)

COMM'R OF SOC. SEC.,

                                    Defendant.

**APPEARANCES:**                          **OF COUNSEL:**

LAW OFFICES OF STEVEN R. DOLSON          STEVEN R. DOLSON, ESQ.
Counsel for Plaintiff
126 North Salina Street, Suite 3B
Syracuse, NY 13202

U.S. SOCIAL SECURITY ADMIN.              ELIZABETH D. ROTHSTEIN, ESQ.
OFFICE OF REG'L GEN.
COUNSEL - REGION II
Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

**DANIEL J. STEWART**
**United States Magistrate Judge**

<u>**DECISION and ORDER**</u>

        Currently before the Court, in this Social Security action filed by Plaintiff Devin

Joseph Conger against Defendant the Commissioner of Social Security pursuant to 42 U.S.C.

§§ 405(g) and 1383(c)(3), are Plaintiff's Motion for Judgment on the Pleadings and

Defendant's Motion for Judgment on the Pleadings.  Dkt. Nos. 9 & 11.  For the reasons set

forth below, Plaintiff's Motion for Judgment on the Pleadings is **denied**, and Defendant's

Motion for Judgment on the Pleadings is **granted**.  The Commissioner's decision denying Plaintiff's disability benefits is **affirmed**, and Plaintiff's Complaint is **dismissed**.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1992, making him 19 years old at the alleged onset date, 21 years old at the date last insured, and 22 years old at the date of the ALJ's decision.  Plaintiff reported completing the twelfth grade with participation in special education for a learning disability.  Plaintiff has past work as a waterproofer and construction laborer.  Generally, Plaintiff alleges disability due to mental impairments including panic disorder, agoraphobia, anxiety disorder, and depression.

### B. Procedural History

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income on February 10, 2013, alleging disability beginning July 1, 2012.  Plaintiff's application was initially denied on April 12, 2013, after which he timely requested a hearing before an Administrative Law Judge ("ALJ").  Plaintiff appeared at two hearings before ALJ John Murdock on May 19, 2014, and February 3, 2015.  On February 26, 2015, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act.  T. pp. 8-26.[1]  On July 19, 2016, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  *Id.* at p. 1.

---

[1] The Administrative Transcript is found at Dkt. No. 8.  Citations to the Administrative Transcript will be referenced as "T." followed by the Bates-stamped page numbers as set forth therein.

## C.  The ALJ's Decision

In his decision, the ALJ made seven findings of fact and conclusions of law. *Id.* at pp. 13-22.  First, the ALJ found Plaintiff was insured for benefits under Title II until June 30, 2014.  *Id.* at p. 13.  Second, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date.  *Id.* at pp. 13-14.  Third, at Step Two, the ALJ made the following findings: (a) Plaintiff has severe impairments including anxiety and depressive disorders, agoraphobia with panic disorder, cannabis dependence in early remission, and reading disorder; (b) the record does not contain any indication that assessments of cellulitis and abscess of the upper arm and forearm, atopic dermatitis, and a history of scabies lasted or were expected to last at least twelve continuous months from their respective dates of onset; (c) assessments of congenital heart murmur (resolved), very slight anemia, and hypokalemia are not severe impairments; and (d) attention deficit hyperactivity disorder ("ADHD") is not a medically determinable impairment during the period at issue. *Id.* at p. 14.  Fourth, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings").  *Id.* at pp. 14-15.  Specifically, the ALJ considered Listings 12.04 (affective disorders), 12.05 (intellectual disability), and 12.06 (anxiety related disorders).  *Id.* at pp. 14-16.  Fifth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform "heavy work as defined in 20 CFR 404.1567(d) and 416.967(d) except he is unable to perform a job requiring more than a fifth grade reading level."  *Id.* at p. 16.  Sixth, the ALJ found that Plaintiff is unable to perform his past work as a waterproofer

*-3-*

or construction laborer with the limitations in the above RFC.  *Id.* at p. 20.  Seventh, and last, the ALJ found that Plaintiff remains able to perform a significant number of other jobs in the national economy, such as laborer, janitor, and groundskeeper.  *Id.* at p. 21.  The ALJ therefore concluded that Plaintiff is not disabled.

### D.  The Parties' Briefings on Their Cross-Motions

#### 1.  *Plaintiff's Motion for Judgment on the Pleadings*

Generally, Plaintiff contends that the ALJ committed reversible error by substituting his own opinion regarding Plaintiff's ability to perform work-related activities for those of two independent acceptable medical sources.  Dkt. No. 9, Pl.'s Mem. of Law, pp. 4-6. Specifically, Plaintiff contends that the opinions from non-examining State Agency consultant A. Hochberg, Ph.D., and consultative examiner Christina Caldwell, Psy.D., "impose significant limitations on the Plaintiff's ability to adequately deal with other people" that the ALJ failed to account for in the RFC.  *Id.* at pp. 5-6.  Plaintiff asserts that, in particular, the ALJ's RFC determination places no limitations on Plaintiff's ability to interact with others despite these opinions and other medical evidence.  *Id.*  Plaintiff contends that the ALJ's RFC limitation to a fifth-grade reading level fails to incorporate any of the other mental health limits placed on Plaintiff by the acceptable medical sources, and that the ALJ's RFC places no mental functioning limitations on Plaintiff at all despite the ALJ's own Step 2 determination finding that Plaintiff has severe mental health impairments.  *Id.* at p. 6.

#### 2.  *Defendant's Motion for Judgment on the Pleadings*

Generally, Defendant makes three arguments in support of her Motion for Judgment

on the Pleadings.  Dkt. No. 11, Def.'s Mem. of Law, pp. 7-13.  First, Defendant argues that, despite the RFC not containing a specific limitation in social interaction, the three representative occupations identified by the vocational expert ("VE") (and adopted by the ALJ at Step 5) involve minimal social interaction, as evidenced by the VE's testimony in response to additional hypothetical limitations, which included an inability to make work-related decisions and occasional interpersonal interactions with coworkers, supervisors, and the general public.  *Id.* at p. 8.  Defendant thus notes that Plaintiff could perform the three jobs identified even if additional mental limitations were assigned because they were unskilled and quite isolated in nature.  *Id.*  Therefore, even if the ALJ had included additional limitations in the RFC, those limitations (including those suggested by Dr. Caldwell's opinion) would still be consistent with the ALJ's Step 5 finding.  *Id.*

Second, Defendant contends that the ALJ properly assessed the medical opinion evidence and that substantial evidence supports the ALJ's finding that Plaintiff could perform a range of unskilled work.  *Id.* at p. 13.  Defendant contends that the ALJ specifically limited Plaintiff to unskilled work by finding Plaintiff could not perform a job requiring more than a fifth-grade reading level.  *Id.* at p. 7.  Defendant asserts that the ALJ properly considered Dr. Caldwell's report and gave partial weight to her opinion.  *Id.* at p. 8.  Specifically, Defendant contends that Dr. Caldwell's opinion regarding moderate limitations in Plaintiff's ability to perform simple and complex tasks independently was "plainly based on Plaintiff's 'report' of such difficulties," rather than objective evidence.  *Id.*  Defendant contends that the ALJ therefore properly concluded that portions of Dr. Caldwell's opinion (including that

Plaintiff had moderate-to-marked limitation in his ability to make appropriate decisions and to relate adequately with others, and a marked limitation in his ability to deal with stress) were not well-supported and were inconsistent with other record evidence. *Id.* at pp. 8-11.

Third, in addressing Plaintiff's argument that the ALJ erred by not adopting Dr. Hochberg's opinion that Plaintiff was moderately limited in several areas, Defendant argues that there is a distinction between the worksheet portion of Dr. Hochberg's disability determination explanation ("DDE") form (indicating Plaintiff was moderately limited in areas including the ability to work in coordination with or proximity to others and accept instructions from supervisors) and his narrative opinion. *Id.* at pp. 11-13. Defendant asserts that Dr. Hochberg's actual opinion was that Plaintiff retains the ability to perform simple and semi-skilled work on a sustained basis. *Id.* at pp. 12-13. Defendant contends that the ALJ's RFC is fully supported by this opinion. *Id.*

## II.  LEGAL STANDARD

### A.  Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an

unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and "may not substitute its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## B.  Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.  Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014).  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further."  *Barnhart v. Thompson*, 540 U.S. 20, 24 (2003).

## III.  ANALYSIS

After careful consideration, the Court answers the question of whether the ALJ properly weighed the opinion evidence in the affirmative.

The ALJ has the responsibility of reviewing all the evidence before him or her, resolving inconsistencies, and making a determination consistent with the evidence as a whole. *See Bliss v. Colvin*, 2015 WL 457643, at *7 (N.D.N.Y. Feb. 3, 2015) ("It is the ALJ's sole responsibility to weigh all medical evidence and resolve material conflicts where sufficient evidence provides for such."); *accord Petell v. Comm'r of Soc. Sec.*, 2014 WL 1123477, at *10 (N.D.N.Y. Mar. 21, 2014). In assessing a claimant's RFC, an ALJ is entitled to rely on opinions from both examining and non-examining State agency medical consultants because these consultants are qualified experts in the field of social security disability. 20 C.F.R. §§ 404.1513a, 404.1527(e), 416.913a, 416.927(e). The factors for assessing non-treating medical sources include whether the source examined the claimant, the amount of evidence supporting the opinion, the consistency of the opinion with the remaining medical evidence, and whether the physician is a specialist. *See* 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6); *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (citing *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013)).

Plaintiff contends that the ALJ committed reversible error by substituting his own opinion regarding Plaintiff's ability to perform work-related activities for those of two independent acceptable medical sources, Drs. Hochberg and Caldwell. Pl.'s Mem. of Law at pp. 4-6. For the following reasons, the Court finds this argument unpersuasive.

Dr. Hochberg rendered an opinion as part of the initial disability determination in April 2013. T. at pp. 96-99 & 105-08. Dr. Hochberg opined that Plaintiff had mild restriction of activities of daily living, mild difficulties in maintaining social functioning, and

moderate difficulties in maintaining concentration, persistence, or pace, and indicated that there was insufficient evidence to assess whether he experienced repeated episodes of decompensation. *Id.* at pp. 96 & 105. Dr. Hochberg opined that Plaintiff was moderately limited in the ability to understand, remember, and carry out detailed instructions, work in coordination with or in proximity to others without being distracted by them, complete a normal workday and workweek, interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, respond appropriately to changes in the work setting, and travel in unfamiliar places or use public transportation. *Id.* at pp. 97-99, & 106-08. Dr. Hochberg opined that, despite these limitations, Plaintiff retained the ability to perform simple and semi-skilled work on a sustained basis. *Id.* at pp. 99 & 108. The ALJ summarized Dr. Hochberg's opinion (identified as "the State agency psychological consultant"), but did not indicate what specific amount of weight he afforded this opinion. *Id.* at p. 17. However, the ALJ appears to have adopted Dr. Hochberg's opinion in his analysis regarding whether Plaintiff's severe impairments meet or medically equal a listed impairment when finding, consistent with Dr. Hochberg, that Plaintiff has mild restriction of activities of daily living, mild difficulties in social functioning, and moderate difficulties in concentration, persistence, or pace. *Id.* at pp. 14-16.

Consultative examiner Dr. Caldwell completed intelligence and psychiatric evaluations of Plaintiff on June 23, 2014. *Id.* at pp. 508-17. Intelligence testing showed a

reading level at the 5.4 grade equivalent and a full scale IQ of 86. *Id.* at pp. 509 & 510. Dr. Caldwell diagnosed a reading disorder, unspecified depressive disorder, unspecified anxiety disorder, panic disorder, agoraphobia, cannabis use disorder (in early remission), and ADHD by report. *Id.* at pp. 511 & 516. Dr. Caldwell's medical source statement for both evaluations states that

> [t]he claimant did not evidence limitations in his ability to follow and understand simple directions and instructions. He reported moderate limitations in his ability to perform simple tasks independently and to perform complex tasks independently. He did not evidence limitations in his ability to maintain attention and concentration, maintain a regular schedule, or learn new tasks. He evidenced moderate to marked limitations in his ability to make appropriate decisions. He evidenced moderate to marked limitations in his ability to relate adequately with others. He evidenced marked limitations in his ability to appropriately deal with stress.

*Id.*

Dr. Caldwell noted that the results of the evaluation appeared to be consistent with psychiatric problems that may significantly interfere with Plaintiff's ability to function on a daily basis. *Id.*

In determining Plaintiff's RFC, the ALJ considered both of these opinions. *Id.* at pp. 17-19. Again, the ALJ's findings regarding mild restriction of activities of daily living, mild difficulties in social functioning, and moderate difficulties with regard to concentration, persistence, or pace are consistent with those of Dr. Hochberg. *Id.* at pp. 15-16, 96, & 105. The ALJ afforded partial weight to Dr. Caldwell's opinion, stating that it

> is consistent with the objective evidence as a whole showing the claimant's severe mental impairments have caused him moderate limitations in maintaining concentration, persistence, or pace. However, to the extent the opinion, which is rather vague and imprecise, suggests he has greater

nonexertional mental limitations than as found herein, I accord little weight to that portion of the opinion. That portion of the opinion is inconsistent with her own behavioral observations that the claimant's attitude toward the evaluation [w]as cooperative and friendly and his eye contact was appropriately focused…Those observations are also generally consistent with the observations of the claimant's treating professionals.

*Id.* at p. 19.

Plaintiff's contentions that the ALJ failed to account for supported mental limitations (including in the ability to interact with others) within the ALJ's RFC are not persuasive. There is a difference between analyzing medical records to determine what the weight of the evidence supports and interpreting raw medical data that would require the expertise of a physician or other trained medical source; the ALJ is precluded from doing only the latter. *See Hanson v. Comm'r of Soc. Sec.*, 2016 WL 3960486, at *9 (N.D.N.Y. June 29, 2016) *Report and Recommendation adopted by* 2016 WL 3951150 (N.D.N.Y. July 20, 2016) (noting that, while it is impermissible for an ALJ to interpret "raw medical data" and substitute his own opinion for that of a medical source, it is within the ALJ's power to resolve conflicts in the medical record). Further, "[w]here evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *Campbell v. Astrue*, 713 F. Supp. 2d 129, 132 (N.D.N.Y. 2010) (citing *Rutherford v. Schweiker*, 685 F.2d at 62); *Perkins v. Astrue*, 32 F. Supp. 3d 334, 337 (N.D.N.Y. 2012); *Swan v. Comm'r of Soc. Sec.*, 2015 WL 5512686, at *3 (N.D.N.Y. Sept. 15, 2015).

Plaintiff's overall argument that the ALJ impermissibly substituted his opinion for that of Drs. Hochberg and Caldwell rests on several prongs: (1) that these opinions impose significant limitations on Plaintiff's ability to adequately deal with other people; (2) that the

RFC places no limitations on Plaintiff's ability to interact with others despite these opinions; (3) that the RFC places no mental functioning limitations on Plaintiff at all despite the ALJ's own Step 2 finding that Plaintiff has severe mental health impairments; and (4) that the restriction to a fifth-grade reading level fails to incorporate any of the other mental health limitations placed on Plaintiff by the opinions from Drs. Hochberg and Caldwell.

First, it does not appear that the ALJ erred in weighing the opined limitations as Plaintiff argues. Dr. Hochberg provided for moderate limitations in various activities requiring interaction with others. T. at pp. 97-99 & 106-08. However, Dr. Hochberg also opined that Plaintiff had only mild difficulties in maintaining social functioning (a limitation that the ALJ's severity analysis is consistent with) and that, overall, Plaintiff retained the ability to perform simple and semi-skilled work on a sustained basis. *Id.* at pp. 15-16, 96, 99, 105, & 108. This opinion therefore does not appear to reasonably suggest limitations greater than those found by the ALJ and subsequently accounted for in the RFC.

In her opinion, Dr. Caldwell opined moderate-to-marked limitations in Plaintiff's ability to relate adequately with others. *Id.* at pp. 511 & 516. However, "[t]here is no requirement that the ALJ accept every limitation in the opinion of a consultative examiner." *Kitka v. Comm'r of Soc. Sec.*, 2016 WL 825259, at *9 (N.D.N.Y. Feb. 9, 2016) (citing *Pellam v. Astrue*, 508 F. App'x 87, 89 (2d Cir. 2013)); *see also Dirisio v. Comm'r of Soc. Sec.*, 2016 WL 7378930, at *4 (N.D.N.Y. Dec. 20, 2016) ("In formulating a Plaintiff's RFC, an ALJ is not required to adhere to the entirety of one medical source's opinion.") (citing *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013)); *Wilburn v. Colvin*, 2016 WL 1237789,

*4 (N.D.N.Y. Feb. 29, 2016) (finding that the ALJ was not obligated to incorporate all of a physician's limitations into the RFC where he afforded the opinion "significant, but not great weight"). Rather, the ALJ has the responsibility of reviewing all the evidence before him, resolving inconsistencies, and making a determination consistent with the evidence as a whole. *Bliss v. Colvin*, 2015 WL 457643 at *7; *accord Petell v. Comm'r of Soc. Sec.*, 2014 WL 1123477, at *10.

Here, the ALJ afforded partial weight to Dr. Caldwell's opinion and provided an explanation for affording little weight to the portion suggesting greater nonexertional limitations. T. at p. 19. Specifically, the ALJ noted Dr. Caldwell's opinion was "rather vague and imprecise" and inconsistent with her own behavioral observations of Plaintiff's attitude (observations which the ALJ noted were generally consistent with the observations of Plaintiff's treating professionals). *Id.* Therefore, while Drs. Hochberg and Caldwell did opine limitations regarding the ability to interact with others, Plaintiff's argument that those opinions impose "significant limitations" that the ALJ was required to adopt is not persuasive. It is not for this Court to reweigh these opinions where the ALJ has properly considered them and his analysis reflects that consideration by providing sufficient reasons for rejecting any unsupported limitations therein. *See Hofacker v. Weinberger*, 382 F. Supp. 572, 576 (S.D.N.Y. 1974).

Moreover, the ALJ explained the weight he afforded to Dr. Caldwell's opinion and how he resolved evidentiary conflicts. An ALJ is required to provide reasons for rejecting a claimant's allegations of symptoms with "sufficient specificity to enable [this Court] to

decide whether the determination is supported by substantial evidence." *Schlichting v. Astrue*, 11 F. Supp. 3d 190, 205 (N.D.N.Y. 2012) (internal quote omitted). The Second Circuit recognizes that "[i]t is the function of the [Commissioner], not [reviewing courts], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Schlichting v. Astrue*, 11 F. Supp. 3d at 206 (quoting *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)).

Here, the ALJ provided multiple reasons for rejecting Plaintiff's allegations within his RFC analysis. T. at pp. 17-19. These reasons also provide support for the ALJ's analysis of the opinion evidence, reflecting the ALJ's resolution of evidentiary conflicts between those opinions and the rest of the record including Plaintiff's medical treatment (which the ALJ summarized in his decision). *Id.* For example, the ALJ noted that while Plaintiff's symptoms have certainly waxed and waned during the period at issue, "the evidence as a whole, including improvement after the alleged onset date, suggests he is not quite as limited as he portrays." *Id.* at p. 17.

In determining Plaintiff's RFC, the ALJ stated:

> [a]nother factor influencing the conclusions reached in this decision, including that the claimant does not have any social limitations, was the claimant's generally unpersuasive appearance and demeanor while testifying at both hearings. He was able to attend and follow the proceedings closely and fully without any noted distractions or peculiar behavior. Moreover, he was able to respond to questions in an appropriate manner, even speaking up, quite boldly and without the assistance of his counsel, in order to clarify specifics regarding his prior work.

*Id.* at p. 19.

This consideration, in conjunction with the consideration of other relevant factors, is proper.

The Regulations provide that "observations by our employees and other persons" will be treated as evidence. 20 C.F.R. § 416.929(c)(3). "[I]n instances where the individual attends an administrative proceeding conducted by the adjudicator, the adjudicator [ ] may consider his or her own recorded observations of the individual as part of the overall evaluation of credibility of the individual." *Shaal v. Apfel*, 134 F.3d 496, 501-02 (2d Cir. 1998). The ALJ also indicated that "the evidence in the record does not support the claimant's allegations of symptoms so severe as to preclude performance of any work since his alleged onset date." *Id.* The ALJ's decision reflects that, in considering the entire record, he accounted for supported limitations in the evidence. Therefore, the Court finds that the ALJ's adequate explanation of his consideration of the evidence related to Plaintiff's lack of significant social limitations supports his analysis of Plaintiff's subjective complaints and the opinion evidence of record.

Second, Plaintiff's argument that the ALJ erred because the RFC places "no mental functioning limitations on Plaintiff at all" is similarly unpersuasive. The RFC specifically indicated that Plaintiff "is unable to perform a job requiring more than a fifth-grade reading level," which, in itself, is a mental functioning limitation. T. at p. 16. Further, the ALJ's analysis of Plaintiff's severe impairments also explicitly stated, "[a]lthough I did not include a specific limitation to the performance of routine and repetitive tasks, I note this decision finds the claimant can perform jobs existing in significant numbers in the national economy requiring no more than routine and repetitive tasks." *Id.* at p. 14.

Third, Plaintiff's contention that the ALJ's failure to find limitations that

corresponded with various non-exertional impairments that the ALJ found to be severe at Step Two of his analysis is without merit.  "An ALJ's decision is not necessarily internally inconsistent when an impairment found to be severe is ultimately found not disabling: the standard for a finding of severity under Step Two of the sequential analysis is *de minimis* and is intended only to screen out the very weakest cases."  *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014) (citation omitted).  There is no inherent inconsistency simply because the ALJ found that Plaintiff had severe impairments, but did not assign corresponding functional limitations.

Finally, Plaintiff's contention that the ALJ erred because the RFC limitation to a fifth-grade reading level fails to incorporate any of the other mental health limitations opined by Drs. Hochberg and Caldwell is also unpersuasive.  As noted above, the Court finds that the ALJ's analysis indicated a proper consideration of these opinions and development of the RFC.  Further, the VE testimony reflected the ALJ's consideration of all of Plaintiff's impairments; the VE testified that the jobs she identified do not involve decision-making and are supervised closely.  *Id.* at pp. 84-85.  In response to a hypothetical question that was more restrictive than the RFC, the VE also indicated that the three jobs she identified would be unaffected by limitations including occasional interpersonal interactions with coworkers, supervisors, and the general public because she purposely suggested jobs that were quite isolated in nature after listening to Plaintiff's testimony.  *Id.* at pp. 88-89.  The full extent of the VE's testimony therefore provides that, even if the ALJ had found Plaintiff to have additional nonexertional limitations, he still would not find him disabled.

For the above reasons, the ALJ's findings regarding the opinion evidence and the RFC finding are supported by substantial evidence.  Remand is not warranted on this basis.

### IV.  CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 9) is **DENIED**; and it is further

**ORDERED** that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED** that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Date:  February 16, 2018
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge